UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BARTHOLOMEW BISHOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 24-2276 |
| ) | |
| FELICIA ADKINS, *et al.* ) | |
| ) | |
| Defendants. ) | |

**MERIT REVIEW ORDER #3**

**SUE E. MYERSCOUGH, U.S. District Judge:**

The Court's Merit Review Order #2 found that Plaintiff stated an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Adkins and Ek. The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File a Second Amended Complaint. (Doc. 22). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he was hospitalized after he defended another inmate from a physical attack. He alleges that his tooth came loose after hospital staff had given him an apple to eat. He alleges that a hospital physician removed the loose tooth and an adjacent tooth without explanation or consent. Plaintiff alleges that prison officials housed him in the healthcare unit for 24 hours following his return and thereafter placed him in restrictive housing. Plaintiff alleges that he did not receive any follow-up care.

Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Adkins and Ek in their individual capacities based upon his allegations that these officials denied or delayed medical care. Petties v. Carter, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

Plaintiff's allegations permit only the inference that officials placed him in restrictive housing before he requested additional medical treatment, and, therefore, his placement in restrictive housing could not have been retaliation for any such requests. Plaintiff's allegations do not permit a plausible inference that any deprivation he suffered resulted from the exercise of a protected right. The Court finds that Plaintiff does not state a retaliation claim. Daugherty v. Page, 906 F.3d 606, 610 (7th Cir. 2018). Plaintiff's allegations regarding a conspiracy are too conclusory for the Court to find that he states a claim. Plaintiff's remaining claims are dismissed.

### Defendant Adkins' Motion to Stay (Doc. 24)

Defendant Adkins' motion to stay the answer deadline pending resolution of Plaintiff's Motion for Leave to File a Second Amended Complaint is granted as to the request for an extension of time and denied as to any other relief requested.

**IT IS THEREFORE ORDERED:**

    1.  **Plaintiff's Motion for Leave to File a Second Amended Complaint [22] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

**2. Pursuant to its merit review of the Second Amended Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Adkins and Ek in their individual capacities. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**3. Plaintiff's Motion [24] is GRANTED in part and DENIED in part. Defendant Adkins shall file her answer within 14 days of this Order.**

ENTERED: 2/10/2026

FOR THE COURT:

        *s/Sue E. Myerscough*
        SUE E. MYERSCOUGH
    UNITED STATES DISTRICT JUDGE